```
                                            FILED
                                         MISSOULA, MT

                                       2006 AUG 28 AM 11 37

                                         PATRICK E. DUFFY
                                       BY _____
                                           DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| RICK and PAT ARNESON, | ) | CV-05-189-M-DWM |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHIGAN TISSUE BANK, SPARROW HOSPITAL, and JOHN DOES I-IV, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

### I. Introduction

On July 18, 2006, United States Magistrate Judge Jeremiah C. Lynch signed his Findings and Recommendation (dkt #40) in this matter addressing Defendant Michigan Tissue Bank's ("MTB") motions for judgment on the pleadings (dkts #18 and 28) pursuant to Federal Rule of Civil Procedure 12(c). Judge Lynch recommended denying the motions. I agree with Judge Lynch's analysis. MTB timely objected and has appropriately received de novo review of the record. 28 U.S.C. § 636(b)(1) (2006). The Parties are familiar with the procedural history and the factual background so they will not be restated.

-1-

## II. Analysis

### A. Rule 12(c) Standards

For Rule 12(c) rulings courts construe the pleadings liberally and favorably view the material allegations in the complaint. *Geraci v. Homestreet Bank*, 347 F.3d 749, 751 (9th Cir. 2003) (citation omitted). A Rule 12(c) judgment is granted if the pleadings demonstrate that the moving party is entitled to judgment as a matter of law. *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999).

### B. Pertinent Law and Defendant's Motions

The basis for MTB's motions is misplaced: the required reading of Montana Code Annotated § 50-33-102 (2005) finds MTB is not immunized from strict products liability and warranty claims. The Montana Supreme Court has addressed statutory interpretation and stated that when the intention of the statute is clear from the plain meaning of the words used, courts are not "to go further and apply any other means of interpretation." *In re Lewis*, 2004 MT 160, ¶ 15, 322 Mont. 13, ¶ 15, 92 P.3d 1218, ¶ 15. The *Lewis* Court considered the unintended consequences a strict interpretation of the plain meaning of a statute might have but adhered to this primary canon of statutory interpretation.[1] The Court observed that if the legislature

---

[1] The *Lewis* opinion speaks directly to MTB's objections. The Court contemplated that a plain meaning may lead to "unintended consequences" (or "absurd and impossible results" as described by MTB) and decided that in spite of this courts must adhere to the plain meaning and not try to improvise. *Id.*, ¶ 18.

finds that such an interpretation is not in accordance with its intention than that body could revise the law to reflect its purpose. *Id.*, ¶ 18.

This tenet of interpretation leads the Court to find that § 50-33-102 does not immunize MTB from the Arnesons' claims because the Court cannot ascertain that MTB is either a "hospital, long-term care facility, or doctor" as required therein. Moreover, as Judge Lynch noted, Montana Code Annotated § 50-33-104 directly addresses tissue banks and provides immunity only in limited circumstances where proper testing is completed. This "statutory scheme" highlights the narrow focus of § 50-33-102 and the plain meaning of the language therein. Therefore, the standards associated with Rule 12(c) dictate caution and coupled with the clear statutory guidance from the Montana Supreme Court a judgment in MTB's favor is not appropriate at this juncture.

Nor can the Court bar any aspect of the Arnesons' claims addressing negligence in the context of failure to warn or strict liability. MTB is not entitled to a judgement at this stage of the proceedings. The Court must liberally construe the pleadings and any question regarding MTB's adherence to testing standards is a question that warrants further deliberation.

---

The decision also stresses that courts are not to "apply any other means of interpretation" when the plain language of the statute is unambiguous and direct. In those instances, "the statute speaks for itself and there is nothing left for the court to construe." *Id.*, ¶¶ 15-16. Contrary to the suggestions in the objection, this means the Court is not supposed to "construe" the legislative history.

### III. Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt #40) are adopted in full: Defendant's motions for judgment on the pleadings (dkts #18 and 28) are DENIED.

The case is referred back to Judge Lynch for all remaining pretrial proceedings in accordance with this Court's June 9, 2006 Order.

DATED this 27 day of August, 2006.

Donald W. Molloy, Chief Judge
United States District Court